UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RALPH JOSEPH CAROTENUTO,

    Plaintiff,

v.                                    Case No: 8:20-cv-2588-JSM-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Ralph Joseph Carotenuto seeks judicial review of the denial of his claim for a period of disability and disability insurance benefits ("DIB"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the undersigned recommends that the decision be affirmed.

### BACKGROUND

**A.  Procedural Background**

Plaintiff filed an application for DIB on June 6, 2018. (Tr. 151.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 50–72.) Plaintiff then requested an administrative hearing. (Tr. 89–90.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 31–49.) Following the hearing, the ALJ issued an unfavorable decision finding

Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 16–29.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1–6.) Plaintiff then timely filed a Complaint with this court. (Dkt. 1.) The case is now ripe for review under 42 U.S.C. § 405(g).

### B.  Factual Background and the ALJ's Decision

Plaintiff, who was born in 1962, claimed disability beginning on May 21, 2018. (Tr. 35, 50.) Plaintiff has a Bachelor of Science degree. (Tr. 35.) Plaintiff's past relevant work includes work as a customer service representative. (Tr. 24.) Plaintiff alleged disability due to rheumatoid arthritis, gastroesophageal reflux disease ("GERD"), chronic obstructive pulmonary disease ("COPD"), and anemia. (Tr. 51.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since May 21, 2018, the alleged onset date. (Tr. 21.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: rheumatoid arthritis, cervical and lumbar spine degenerative disc disease, radiculopathy, chronic bronchitis, and GERD. (Tr. 21.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 22.) The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), with the following limitations:

> [Claimant] can no more than occasionally climb ladders, ropes, scaffolds, ramps, and stairs, balance, stoop, kneel, crouch, and crawl. The claimant must avoid concentrated exposure to extreme cold, and even moderate exposure to irritants such as fumes, odors, dust, and gases.

(Tr. 22.)

In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence of record. (Tr. 23.)

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform his past relevant work as a customer service representative. (Tr. 24.) Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 24.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological

abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3).

The Social Security Administration ("SSA"), in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and (4) whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. § 404.1520(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 404.1520(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v.*

*Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions.  *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal.  *Keeton*, 21 F.3d at 1066.  The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied.  42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## ANALYSIS

Plaintiff argues that the ALJ erroneously failed to include manipulative limitations in his RFC due to his rheumatoid arthritis. (Dkt. 19 at 13–16.)  Specifically, Plaintiff contends that the ALJ's RFC is not supported by substantial evidence because it does not include limitations for handling, fingering, or feeling.  (Dkt. 19 at 15.)  For the reasons that follow, this contention does not warrant reversal.

The RFC is a "medical assessment of what the claimant can do in a work setting despite any mental, physical, or environmental limitations caused by the claimant's impairments or related symptoms." *Luterman v. Comm'r of Soc. Sec.*, 518 F. App'x 683, 689 (11th Cir. 2013); *see Mills v. Berryhill*, 824 F. App'x 894, 899 (11th Cir. 2020). It is strictly the ALJ's duty to determine the claimant's RFC. *See Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 877–78 (11th Cir. 2013). The ALJ must consider the claimant's impairments, both severe and non-severe, and all evidence of record. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004); *see Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010). In formulating the RFC, the ALJ is not required to refer to every piece of evidence, provided that the ALJ provides sufficient reasoning for the reviewing court to evaluate whether the ALJ considered the claimant's medical condition as a whole. *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1326 (11th Cir. 2021) ("So long as the ALJ's decision demonstrates to the reviewing court that it considered the claimant's medical condition as a whole, the ALJ is not required to cite every piece of evidence in the record.").

The ALJ found that Plaintiff's severe impairments include rheumatoid arthritis ("RA"). (Tr. 21.) However, this finding, standing alone, does not compel the ALJ to include specific limitations aimed at this particular severe impairment. *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005); *Sorensen v. Berryhill*, No. 8:16-cv-3500-T-DNF, 2018 WL 1225106, at *4 (M.D. Fla. Mar. 9, 2018); *cf. Mancini v. Comm'r of Soc. Sec.*, No. 2:19-cv-798-JLB-NPM, 2021 WL 1087270, at *1 (M.D. Fla. Mar. 22,

2021) ("[T]the Court does not accept the proposition that a specific limitation must always be attributed to a 'severe impairment.'").  Notwithstanding, "the court should not be forced to speculate whether an RFC accounts for a claimant's impairments." *Gilet v. Comm'r of Soc. Sec.*, No. 2:20-cv-457-NPM, 2022 WL 950639, at *5 (M.D. Fla. Mar. 30, 2022).

Here, the ALJ discussed and considered Plaintiff's RA treatment throughout the RFC analysis.  The ALJ noted that during a consultative examination in 2019, Plaintiff had "no evidence of active rheumatoid arthritis in his hands" and had "5/5 strength." (Tr. 22.)  The ALJ also evaluated Plaintiff's testimony, his function report (Tr. 200–10), and the third-party function report from his wife (Tr. 192–99).  The ALJ compared Plaintiff's testimony and medical records with his daily activities and found that his statements regarding his limitations were inconsistent with his activities, including driving, shopping, and gardening. (Tr. 23.)  The ALJ further considered the administrative medical findings of Dr. Minal Krishnamurthy and Dr. Robert Fields and found them to be persuasive.  (Tr. 23.)  The ALJ concluded their findings were well supported by Plaintiff's medical records and consistent with the record evidence. (Tr. 23.)  Neither doctor opined that Plaintiff had any manipulative limitations. (Tr. 54, 67.)

Plaintiff does not identify any specific evidence or medical opinion to support his assertion that the ALJ should have included manipulative limitations in his RFC.  Rather, Plaintiff relies on diagnosis and treatment records reflecting synovitis and "other objective factors in the hands, wrists, and fingers." (Dkt. 19 at 15.)  These

records reflect pain, tenderness, and synovitis in Plaintiff's upper extremities. (Tr. 259, 268, 291, 295, 303, 538, and 592.) However, the medical evidence also reflects that Plaintiff occasionally reported that his RA symptoms were improved or stable with his medication. (Tr. 262, 271.)

Regardless, a diagnosis alone does not establish a disability or inability to work. *See Davis v. Barnhart*, 153 F. App'x 569, 572 (11th Cir. 2005) ("Disability is determined by the effect an impairment has on the claimant's ability to work, rather than the diagnosis of an impairment itself.") (citing 42 U.S.C. § 423(d)(1)(A)); *Martinez v. Kijakazi*, No. 8:20-cv-1025-TPB-AEP, 2021 WL 4482616, at *5 (M.D. Fla. Aug. 23, 2021), *report and recommendation adopted,* No. 8:20-cv-1025-TPB-AEP, 2021 WL 4478248 (M.D. Fla. Sept. 30, 2021) ("[T]he severity of a medically ascertained impairment is not measured in terms of deviation from purely medical standards of bodily perfection or normality but rather in terms of its effect upon ability to work."); *Ryerson v. Saul*, No. 2:19-cv-01609-SGC, 2021 WL 1192993, at *6 (N.D. Ala. Mar. 30, 2021) ("[A] diagnosis does not establish limitations."); *Hodgson v. Saul*, No. 5:18-cv-02088-LSC, 2020 WL 1433147, at *4 (N.D. Ala. Mar. 24, 2020); *Wirth v. Saul*, No. 8:18-cv-2377-T-AEP, 2020 WL 1303448, at *4 (M.D. Fla. Mar. 19, 2020) ("Plaintiff's focus upon her several diagnoses for musculoskeletal impairments does nothing to further her position, where, as here, the evidence does not support a finding of disability."). Indeed, "[i]t is the effects of the impairments on a claimant's ability to work, rather than the diagnosis, that determines disability." *Forson v. Comm'r of Soc. Sec.*, No. 6:18-cv-1929-ORL-18DCI, 2020 WL 601899, at *5 (M.D. Fla. Feb. 7, 2020).

The ALJ's RFC assessment here is supported by substantial evidence. During a consultative examination in January of 2019, Dr. Bhupendra Kumar Gupta found that Plaintiff presented with "no evidence of active rheumatoid arthritis" at the time. (Tr. 246.) On physical examination, Dr. Gupta found that Plaintiff presented with 5/5 strength in his shoulders, elbows, wrists, and hands, bilaterally. (Tr. 247.) Additionally, Dr. Gupta found that "[e]xcellent grip strength is present in both hands" and "[m]anipulation in both hands is fine." (Tr. 248.) Moreover, the record evidence reflects that Plaintiff is able to drive, shop, prepare some meals, mow his lawn, and garden. (Tr. 192–207.) Therefore, as the record does not establish that Plaintiff's RA caused any additional functional limitations in his ability to perform work activities, the ALJ did not err by omitting such limitations from the RFC. *Martinez*, 2021 WL 4482616, at *5.

To the extent Plaintiff identifies other evidence in the record that he contends supports a finding of disability, the undersigned declines to reweigh the evidence and substitute its judgment for that of the ALJ. *Moore*, 405 F.3d at 1213 ("To the extent that [the claimant] points to other evidence which would undermine the ALJ's RFC determination, her contentions misinterpret the narrowly circumscribed nature of our appellate review, which precludes us from re-weighing the evidence or substituting our judgment for that of the Commissioner, even if the evidence preponderates against the decision.") (punctuation and internal citation omitted); *Bloodsworth*, 703 F.2d at 1239 ("We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner]."); *see Phillips*, 357 F.3d at 1240 n.8 ("Substantial

evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.") (punctuation and citation omitted); *Miles*, 84 F.3d at 1400 ("If the Commissioner's decision is supported by substantial evidence we must affirm, even if the proof preponderates against it."). Accordingly, the undersigned recommends that the ALJ applied the proper legal standards in assessing Plaintiff's RFC and the assessment is supported by substantial evidence.

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**RECOMMENDED**:

1. The decision of the Commissioner be **AFFIRMED**.

2. The Clerk of Court be directed to enter final judgment in favor of the Commissioner and close the case.

**IT IS SO REPORTED** in Tampa, Florida, on May 20, 2022.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable James S. Moody, Jr.
Counsel of Record